**LOWRY, per Guardian, v. INSLEY.**

Court of Common Pleas. Sussex. November, 1799.

*Wilson's Red Book, 269.*

*Bayard* and *Ridgely* for defendant. *Wilson* for plaintiff.

The cause was called on.

*Wilson.* The five causes in immediate succession are brought by the same plaintiffs for trespass. A warrant has issued in each cause to lay down pretensions. They have been laid down only in one, that is the cause next preceding this. In others [he] requested the sheriff might be inquired of for the delay in the execution of the warrants.

Mr. Baylis, subsheriff, said the pretensions were laid down in the preceding cause just before the Supreme Court (six weeks ago), and the business of that court and this had prevented executing all the warrants.

*Wilson.* Warrants to lay down pretensions must be executed when the other public business will permit. The sheriff, whose duty it is to notify both plaintiff and defendant of the times he fixes on, takes the writs out of office. If not executed, the party ought not to suffer.

*Ridgely.* Mr. Stayton, the guardian, ought to have hurried the business, and he never requested it to be done until about two weeks before the Supreme Court.

PER CURIAM. BOOTH, C. J. It is the opinion of the Court that the cause must come on.

*Wilson* had plaintiff's witnesses called, and, on two of them being absent who had been summoned, he moved to continue the cause on the usual affidavit of the guardian.

*Bayard.* This is a second motion for a continuance, thus [it] should have been part of the first motion.

PER CURIAM. BOOTH, C. J. No second application for another ground of continuance can be admitted.

The Court afterwards said "the affidavit might be drawn, but hereafter all the objections must be made at once, or they will not be attended to."

The affidavit was drawn and read, and not objected to [for] form or defect.

The Court then, instead of leaving the defendant to his indictment for perjury if the affidavit was false, went into an investigation of the truth of it by asking the guardian as to his diligence, which was only that of issuing the subpoenas early in vacation.

Defendant then swore a witness that heard Stayton say yesterday he believed the cause would not come on and wished his witnesses would not attend. Which was the expectation of us all yesterday.

The Court ordered the jury to be sworn.

*Wilson* then directed a discontinuance of the four actions.

*Bayard* requested the entry to express plaintiff for costs, which was done.

*N.B.* These causes and several others before and after them were ordered on for trial by the Court, although the cause of *Spicer's Lessee v. Connaway* was ready for trial and stood before them; the counsel in that cause as well for plaintiff as defendant soliciting the Court to suffer the trial to proceed. That cause had presented itself yesterday as next in order, but, being a very long

cause, it was agreed by counsel to defer it until this morning and try the next which was shorter and also ready. The Bar all understood, as the practice has been, that that cause was to be tried, and the other client and witnesses too had not attended today on that account. The Court were understood by the Bar to assent to this, but JUDGE BASSETT and JUDGE RODNEY saw proper to adopt the present expeditious mode of trying causes.